IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Roosevelt Baccus, | ) Civil Action No. 9:13-3433-DCN-BM |
| Plaintiff, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| vs. | ) |
| N. C. Merchant and Tamara Conwell, | ) |
| Defendants. | ) |

This action was filed by Plaintiff, *pro se*, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections (SCDC), alleges violations of his constitutional rights by Defendants.

In an Order entered December 17, 2013, Plaintiff was given twenty-one (21) days to bring his Complaint into proper form by completing the provided Financial Certificate; completing one summons form listing each Defendant named in the case; and completing, signing, and returning a Form USM-285 for each named Defendant. Plaintiff was specifically admonished that if he failed to provide the items specified within the period prescribed in the proper form Order, the file would be forwarded to a United States District Judge to determine whether dismissal of the case was appropriate. *See In re: Procedures in Civil Actions Filed by Prisoner Pro Se Litigants*, No. 3:07-mc-5014-JFA.

Plaintiff failed to Comply with the proper form Order, instead filing a motion for "Adversary and Conformity Due Process Hearings" on January 16, 2014. His motion was denied as the case is not yet in proper form and has not been served on Defendants.



This case has been pending for over three (3) months, with Plaintiff still having failed to complete his proper form process. No Defendant has been served. Based on Plaintiff's failure to comply with the Court's previous Order, and his filing of a non-meritorious motion with the Court rather than simply complying with the Court's directives, it is recommended that this case be dismissed, without prejudice, for the failure of Plaintiff to comply with this Court's Order or to properly prosecute his claims. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982); *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989), *cert. denied sub nom.*, *Ballard v. Volunteers of Am.*, 493 U.S. 1084 (1990) [Magistrate judge's prior explicit warning that a recommendation of dismissal would result from the plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when the plaintiff did not comply despite warning].

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

April 10, 2014
Charleston, South Carolina

2

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



3